UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALINA HARDY,

    Plaintiff,

        v.

CLERK OF COURT
VALLIE BOWMAN-ENGLISH, et al.,

    Defendants.

Case No. 2:24-cv-4144

Morrison, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On November 8, 2024, Plaintiff paid the requisite filing fee and initiated this pro se case as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. However, on initial review, it is clear that Plaintiff/petitioner is not incarcerated, lacks standing to pursue this habeas corpus petition, and that no federal jurisdiction exists under 28 U.S.C. § 2241. Therefore, the undersigned recommends the *sua sponte* dismissal of this case.

    **I.    Allegations of Petition**

Plaintiff/Petitioner repeatedly states that her "Emergency Petition" has been filed in her capacity "as the mother of Corey Jones." (Doc. 1, PageID 1). In her petition, she seeks relief for the allegedly "unconstitutional imprisonment" of her son. (*Id.*) She further alleges that her son "has been deprived of essential protections and basic human necessities, including the provision of shoes, adequate medical services, sufficient food, and other fundamental needs" during his imprisonment or confinement. (*Id.*) As relief, she demands "immediate release" of her son, an expedited hearing "to assess the legality of [his] detention and determine the appropriate remedies" for alleged constitutional

violations, and injunctive relief relating to the alleged issuance of a "capias warrant" used to secure her son's arrest. (Doc. 1, PageID 5).

## II. Analysis

### A. Plaintiff/Petitioner Lacks Standing to Proceed

The federal statute under which Ms. Hardy has initiated this case is 28 U.S.C. §2241, which governs federal writs of habeas corpus. In relevant part, § 2241 states:

**(c)** The writ of habeas corpus shall not extend to a prisoner unless –

**(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

**(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

**(3)** He is in custody in violation of the Constitution or laws or treaties of the United States….

*Id.* Under the statute, only a prisoner has standing to proceed. Ms. Hardy does not allege that she herself is currently imprisoned, much less that she is in custody under the conditions listed in the statute. Instead, she appears to seek relief solely in her capacity as the parent of an incarcerated individual.

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351, 93 S. Ct. 1571 (1973). Because Ms. Hardy is not in custody, she lacks standing to proceed under 28 U.S.C. § 2241. *Accord Hamner v. Department of Children's Services*, No. 2:24-cv-02007-SHM-CGC, 2024 WL 2932328, at *1 (W.D.Tenn., Feb. 20, 2024) (parent of

minor child had suffered no injury in fact under § 2241, and lacked standing to proceed), report and recommendation adopted at 2024 WL 1996134 (W.D. Tenn. May 6, 2024).

### B. A Pro Se Litigant May Not Represent Another Litigant

In addition to the fundamental problem of Ms. Hardy's lack of standing, Ms. Hardy may proceed pro se in this federal court only to the extent that she seeks to prosecute her *own* claims. She may not prosecute claims on behalf of her son. As the *Hamner* court explained:

> Congress passed 28 U.S.C. § 1654 which allows parties to "plead and conduct their own cases personally" or, in other words, to proceed *pro se* without the assistance of counsel. The Sixth Circuit reasoned that, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct **their own cases** personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (emphasis added).

*Hamner*, 2024 WL 2932328 *1; *accord Miller v. Ruyle*, No. 2:15-cv-2755, 2015 WL 5729356, at *1 (S.D. Ohio Sept. 30, 2015) (reaching the same result concerning petition filed on behalf of another under 28 U.S.C. § 2254).

### C. Venue is Improper

Last, venue in the Southern District of Ohio appears to be improper. The petition/complaint refers to events that took place in Toledo, Ohio. Thus, to the extent that any jurisdiction exists, venue would lie in the Northern District of Ohio. However, given the utter lack of any federal subject matter jurisdiction, it would be a waste of judicial resources to transfer this case to the Northern District of Ohio for further review.

3

### III. Conclusion and Recommendation

Accordingly, it is **RECOMMENDED** that Plaintiff's "Emergency Petition for Extraordinary Constitutional Writ of Habeas Corpus" (Doc. 1) be **DENIED**, and that this case be **DISMISSED** for lack of federal subject matter jurisdiction.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4